UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

Wheel C

ORIGINAL

UNITED STATES OF AMERICA

        - v. -

ISAIAS FLORES-MENDEZ,
    a/k/a "Adrian Sanchez Mendez,"
    a/k/a "Jesus Diaz-Rincon,"
    a/k/a "Chelo,"
BONIFACIO FLORES-MENDEZ,
    a/k/a "Boni,"
    a/k/a "Mota,"
CARLOS GARCIA-DE LA ROSA,
    a/k/a "Choqui,"
    a/k/a "Pirulo,"
    a/k/a "Miguel,"
ALEJANDRO DEGANTE-GALENO,
    a/k/a "Celestino Degante Galeno,"
    a/k/a "El Zorro,"
MARIA BAUTISTA-PENA,
    a/k/a "Maricruz,"
MIGUEL ANGEL CHE-VELIZ,
    a/k/a "Miguelon,"
ISIDRO DEGANTE-GALENO,
    a/k/a "Marcos,"
    a/k/a "El Perro,"
    a/k/a "Cachorro,"
MARGARITO DEGANTE,
    a/k/a "Chachalaco,"
VALENTIN JIAMEZ-DOLORES,
ALBERTO JESUS MARTINEZ-MIRANDA,
    a/k/a "Barbas,"
    a/k/a "Barbitas,"
PEDRO DEGANTE-GALENO,
    a/k/a "Barbas,"
    a/k/a "Barbon,"
MANUEL GOMEZ-BATANA,
JAVIER LEON-CHAVEZ,
    a/k/a "Ricardo,"
    a/k/a "Ricardito,"
SERGIO DEGANTE-ORTIZ,
    a/k/a "Huesito,"
MARCOS MENDEZ-PEREZ,
FRANCISCO JAVIER MENDEZ-RAMIREZ,
    a/k/a "Flavio,"
MARIO PEDRO MARTINEZ-BARRERA, and
    a/k/a "Mickey Mouse,"

            Defendants.

- - - - - - - - - - - - - - - - - - x

:  SUPERSEDING INDICTMENT

:  S1 13 Cr. 031 (KBF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAY 2 3 2013

COUNT ONE
(Sex Trafficking)

The Grand Jury charges:

1.    From at least in or about September 2006, up to and including in or about 2007, in the Southern District of New York and elsewhere, ISAIAS FLORES-MENDEZ, a/k/a "Adrian Sanchez Mendez," a/k/a "Jesus Diaz-Rincon," a/k/a "Chelo," and BONIFACIO FLORES-MENDEZ, a/k/a "Boni," a/k/a "Mota," the defendants, in and affecting interstate and foreign commerce, willfully and knowingly did recruit, entice, harbor, transport, provide, and obtain, by any means a person, and did benefit, financially and by receiving anything of value, from participation in a venture which has engaged in such acts, knowing that force, fraud, and coercion, as described in Section 1591(c)(2) of Title 18 of the United States Code, would be used to cause the person to engage in a commercial sex act, to wit, ISAIAS FLORES-MENDEZ arranged for a woman ("Victim-1") to be smuggled to the United States from Mexico for the purpose of prostitution, and then ISAIAS FLORES-MENDEZ and BONIFACIO FLORES-MENDEZ used force, threats of force, and other means of coercion to compel Victim-1 to engage in prostitution against her will for their own financial gain.

(Title 18, United States Code, Sections 1591(a) & (b)(1),
and 2.)

2

## COUNT TWO
### (Interstate Travel for Prostitution)

The Grand Jury further charges:

2.   In or about April 2013, in the Southern District of New York and elsewhere, BONIFACIO FLORES-MENDEZ, a/k/a "Boni," a/k/a "Mota," the defendant, willfully and knowingly, for the purpose of commercial advantage and private financial gain, arranged, induced, procured, and facilitated the travel of a person knowing that such a person was traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, to wit, BONIFACIO FLORES-MENDEZ induced the travel of a person ("Witness-1") to New York from out-of-state for the purpose of engaging in prostitution.

(Title 18, United States Code, Sections 2423(d) and 2.)

## COUNT THREE
### (Prostitution-Sex Trafficking Enterprise)

The Grand Jury further charges:

3.   From in or about October 2012, up to and including on or about April 30, 2013, in the Southern District of New York and elsewhere, ISAIAS FLORES-MENDEZ, a/k/a "Adrian Sanchez Mendez," a/k/a "Jesus Diaz-Rincon," a/k/a "Chelo," BONIFACIO FLORES-MENDEZ, a/k/a "Boni," a/k/a "Mota," CARLOS GARCIA-DE LA ROSA, a/k/a "Choqui," a/k/a "Pirulo," a/k/a "Miguel," ALEJANDRO DEGANTE-GALENO, a/k/a "Celestino Degante-Galeno," a/k/a "El Zorro," MARIA BAUTISTA-PENA, a/k/a "Maricruz," ISIDRO

3

DEGANTE-GALENO, a/k/a "Marcos," a/k/a "El Perro," a/k/a
"Cachorro," MARGARITO DEGANTE, a/k/a "Chachalaco," VALENTIN
JIAMEZ-DOLORES, ALBERTO JESUS MARTINEZ-MIRANDA, a/k/a "Barbas,"
a/k/a "Barbitas," PEDRO DEGANTE-GALENO, a/k/a "Barbas," a/k/a
"Barbon," MANUEL GOMEZ-BATANA, JAVIER LEON-CHAVEZ, a/k/a
"Ricardo," a/k/a "Ricardito," SERGIO DEGANTE-ORTIZ, a/k/a
"Huesito," MARCOS MENDEZ-PEREZ, FRANCISCO JAVIER MENDEZ-RAMIREZ,
and MARIO PEDRO MARTINEZ-BARRERA, a/k/a "Mickey Mouse," the
defendants, together with others known and unknown, willfully and
knowingly did combine, conspire, confederate, and agree together
and with each other to commit offenses against the United States
of America, to wit, the use of facilities in interstate commerce
for the promotion, management, and facilitation of a prostitution
enterprise, in violation of Title 18, United States Code, Section
1952.

      4.    It was a part and an object of the conspiracy that
ISAIAS FLORES-MENDEZ, a/k/a "Adrian Sanchez Mendez," a/k/a "Jesus
Diaz-Rincon," a/k/a "Chelo," BONIFACIO FLORES-MENDEZ, a/k/a
"Boni," a/k/a "Mota," CARLOS GARCIA-DE LA ROSA, a/k/a "Choqui,"
a/k/a "Pirulo," a/k/a "Miguel," ALEJANDRO DEGANTE-GALENO, a/k/a
"Celestino Degante-Galeno," a/k/a "El Zorro," MARIA
BAUTISTA-PENA, a/k/a "Maricruz," ISIDRO DEGANTE-GALENO, a/k/a
"Marcos," a/k/a "El Perro," a/k/a "Cachorro," MARGARITO DEGANTE,
a/k/a "Chachalaco," VALENTIN JIAMEZ-DOLORES, ALBERTO JESUS

4

MARTINEZ-MIRANDA, a/k/a "Barbas," a/k/a "Barbitas," PEDRO
DEGANTE-GALENO, a/k/a "Barbas," a/k/a "Barbon," MANUEL GOMEZ-
BATANA, JAVIER LEON-CHAVEZ, a/k/a "Ricardo," a/k/a "Ricardito,"
SERGIO DEGANTE-ORTIZ, a/k/a "Huesito," MARCOS MENDEZ-PEREZ,
FRANCISCO JAVIER MENDEZ-RAMIREZ, and MARIO PEDRO MARTINEZ-
BARRERA, a/k/a "Mickey Mouse," the defendants, and others known
and unknown, knowingly would and did travel in interstate and
foreign commerce and use the mail and a facility in interstate
and foreign commerce, with intent to promote, manage, establish,
carry on, and facilitate the promotion, management,
establishment, and carrying on, of one or more unlawful
activities, namely promoting prostitution and sex trafficking, in
violation of New York Penal Law §§ 230.20 and 230.34, and
thereafter would and did perform and attempt to perform an act to
promote, manage, establish, carry on and facilitate the
promotion, management, establishment, and carrying on of the
unlawful activity, in violation of Section 1952 of the United
States Code.

        5.    In furtherance of the conspiracy and to effect the
illegal object thereof, ISAIAS FLORES-MENDEZ, a/k/a "Adrian
Sanchez Mendez," a/k/a "Jesus Diaz-Rincon," a/k/a "Chelo,"
BONIFACIO FLORES-MENDEZ, a/k/a "Boni," a/k/a "Mota," CARLOS
GARCIA-DE LA ROSA, a/k/a "Choqui," a/k/a "Pirulo," a/k/a
"Miguel," ALEJANDRO DEGANTE-GALENO, a/k/a "Celestino

Degante-Galeno," a/k/a "El Zorro," MARIA BAUTISTA-PENA, a/k/a "Maricruz," ISIDRO DEGANTE-GALENO, a/k/a "Marcos," a/k/a "El Perro," a/k/a "Cachorro," MARGARITO DEGANTE, a/k/a "Chachalaco," VALENTIN JIAMEZ-DOLORES, ALBERTO JESUS MARTINEZ-MIRANDA, a/k/a "Barbas," a/k/a "Barbitas," PEDRO DEGANTE-GALENO, a/k/a "Barbas," a/k/a "Barbon," MANUEL GOMEZ-BATANA, JAVIER LEON-CHAVEZ, a/k/a "Ricardo," a/k/a "Ricardito," SERGIO DEGANTE-ORTIZ, a/k/a "Huesito," MARCOS MENDEZ-PEREZ, FRANCISCO JAVIER MENDEZ-RAMIREZ, and MARIO PEDRO MARTINEZ-BARRERA, a/k/a "Mickey Mouse," the defendants, together with others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a.   On or about October 30, 2012, ISAIAS FLORES-MENDEZ had a telephone conversation with BONIFACIO FLORES-MENDEZ, during which they discussed which women were working in brothels located in in Yonkers and Poughkeepsie.

b.   On or about February 11, 2013, GOMEZ-BATANA sent two wire transfers constituting proceeds of a criminal prostitution enterprise from New York to Mexico.

c.   On or about February 26, 2013, MARGARITO DEGANTE had a telephone conversation with ALEJANDRO DEGANTE-GALENO about the fact that MARGARITO DEGANTE was on the corner distributing "chica cards" [small cards handed out to solicit

customers] to solicit customers for women working, or being forced to work, as prostitutes.

d.   On or about March 5, 2013, GARCIA-DE LA ROSA had a telephone conversation with BONIFACIO FLORES-MENDEZ about the fact that a customer interested in engaging in commercial sex with a woman working, or being forced to work, as a prostitute was waiting outside of a brothel.

e.   On or about March 5, 2013, JIAMEZ-DOLORES had a telephone conversation with BONIFACIO FLORES-MENDEZ in which JIAMEZ-DOLORES agreed to allow a customer to engage in commercial sex with one of the women working, or being forced to work, in a brothel in exchange for a $10 payment with the promise to pay the remaining $20 the next day, as long as JIAMEZ-DOLORES recognized the customer.

f.   On or about March 14, 2013, SERGIO DEGANTE-ORTIZ had a telephone conversation with ALEJANDRO DEGANTE-GALENO in which they discussed the fact that one of the women working, or being forced to work, as a prostitute for their criminal prostitution-sex trafficking enterprise should be punished for wanting to rest and not sexually service more customers.

g.   On or about March 18, 2013, MARTINEZ-BARRERA had a telephone conversation with BONIFACIO FLORES-MENDEZ in which they discussed MARTINEZ-BARRERA's work for BONIFACIO FLORES-MENDEZ's prostitution business.

h.   On or about April 6, 2013, LEON-CHAVEZ had a telephone conversation with ALEJANDRO DEGANTE-GALENO in which they discussed LEON-CHAVEZ's distribution of chica cards to promote the criminal prostitution-sex trafficking enterprise.

i.   On or about April 15, 2013, BONIFACIO FLORES-MENDEZ, had a telephone conversation with a woman working, or being forced to work, as a prostitute, in which BONIFACIO FLORES-MENDEZ and the woman discussed when she would arrive in Manhattan to meet BONIFACIO FLORES-MENDEZ to be taken to work at a brothel.

j.   On or about April 15, 2013, ALEJANDRO DEGANTE-GALENO and ISIDRO DEGANTE-GALENO had a telephone conversation about the delivery to a customer's residence of a woman working, or being forced to work, as a prostitute.

k.   On or about April 15, 2013, MENDEZ-RAMIREZ had a telephone conversation with BONIFACIO FLORES-MENDEZ in which they discuss the purchase and delivery of groceries for a brothel located in Newburgh.

l.   On or about April 18, 2013, MARTINEZ-MIRANDA, and BONIFACIO FLORES-MENDEZ had a telephone conversation, in which MARTINEZ-MIRANDA agreed to tell a woman working, or being forced to work, as a prostitute that there was one customer waiting to come in, and that three more were on their way.

m.   On or about April 20, 2013, PEDRO

DEGANTE-GALENO had a telephone conversation with ALEJANDRO DEGANTE-GALENO in which they discussed the fact that a customer wanted delivery of a woman working, or being forced to work, as a prostitute but that the delivery had to be made within the next 10-15 minutes.

n.    On or about April 21, 2013, BAUTISTA-PENA and ALEJANDRO DEGANTE-GALENO had a telephone conversation about the fact that a customer interested in engaging in commercial sex with a woman working, or being forced to work, as a prostitute was waiting at the door of his residence for the woman.

o.    In or about 2013, MARCOS MENDEZ-PEREZ manned the door at a brothel in Poughkeepsie, New York.

(Title 18, United States Code, Section 371.)

## COUNT FOUR
(Possession of Child Pornography)

The Grand Jury further charges:

6.    From in or about February 2013, up to and including in or about March 2013, in the Southern District of New York and elsewhere, CARLOS GARCIA-DE LA ROSA, a/k/a "Choqui," a/k/a "Pirulo," a/k/a "Miguel," the defendant, knowingly did possess, and access with intent to view, a book, magazine, periodical, film, videotape, computer disk, and other material that contained an image of child pornography that had been mailed, and shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate

and foreign commerce by any means, including by computer, and

that was produced using materials that had been mailed, and

shipped and transported in and affecting interstate and foreign

commerce by any means, including by computer, to wit, GARCIA-DE

LA ROSA possessed on his cell phone photographs containing child

pornography.

   (Title 18, United States Code, Section 2252A(a)(5)(B).)

## COUNT FIVE
(Obstruction of Justice)

   The Grand Jury further charges:

   7.   In or about October 2012, in the Southern District

of New York and elsewhere, ISAIAS FLORES-MENDEZ, a/k/a "Adrian

Sanchez Mendez," a/k/a "Jesus Diaz-Rincon," a/k/a "Chelo,"

BONIFACIO FLORES-MENDEZ, a/k/a "Boni," a/k/a "Mota," and MIGUEL

ANGEL CHE-VELIZ, a/k/a "Miguelon," the defendants, willfully and

knowingly corruptly altered, destroyed, mutilated, and concealed

a record, document, and other object, and attempted to do so,

with the intent to impair the object's integrity and availability

for use in an official proceeding, and otherwise obstructed,

influenced, and impeded an official proceeding, and attempted to

do so, to wit, working under the direction of ISAIAS FLORES-

MENDEZ, BONIFACIO FLORES-MENDEZ, and CHE-VELIZ searched for,

removed, and destroyed GPS tracking devices from vehicles used to

commit the crimes charged in Counts Two and Three in order to

prevent the location tracking of several of the defendants and to

make the evidence unavailable for use by law enforcement authorities in connection with a federal grand jury investigation.

(Title 18, United States Code, Sections 1512(c) and 2.)

<u>FORFEITURE ALLEGATIONS</u>

8.   As a result of committing the sex trafficking offense alleged in Count One of this Superseding Indictment, ISAIAS FLORES-MENDEZ, a/k/a "Adrian Sanchez Mendez," a/k/a "Jesus Diaz-Rincon," a/k/a "Chelo," and BONIFACIO FLORES-MENDEZ, a/k/a "Boni," a/k/a "Mota," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594(b)(1) and (b)(2): (1) any property, real and personal, used or intended to be used to commit or to facilitate the commission of the offense; and (2) any property, real and personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offense.

9.   As a result of committing the Mann Act violation alleged in Count Two of this Superseding Indictment, BONIFACIO FLORES-MENDEZ, a/k/a "Boni," a/k/a "Mota," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2428: (1) any property, real and personal, used or intended to be used to commit or to facilitate the commission of the offense; and(2) any property, real and personal, constituting

11

or derived from, any proceeds obtained, directly or indirectly, as a result of the offense.

10.  As a result of possessing child pornography as alleged in Count Four of this Superseding Indictment, CARLOS GARCIA-DE LA ROSA, a/k/a "Choqui," a/k/a "Pirulo," a/k/a "Miguel," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 2253(a)(2) and (a)(3): (1) any property, real and personal, used or intended to be used to commit or to facilitate the commission of the offense; and (2) any property, real and personal, constituting or derived from, any gross proceeds obtained, directly or indirectly, as a result of the offense.

11.  As a result of obstructing justice, as alleged in Count Five of this Superseding Indictment, ISAIAS FLORES-MENDEZ, a/k/a "Adrian Sanchez Mendez," a/k/a "Jesus Diaz-Rincon," a/k/a "Chelo," BONIFACIO FLORES-MENDEZ, a/k/a "Boni," a/k/a "Mota," and MIGUEL ANGEL CHE-VELIZ, a/k/a "Miguelon," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461: (1) any property, real and personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offense.

## Substitute Asset Provision

12.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third person;

(c)  has been placed beyond the jurisdiction of the Court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Section 1594;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461))


_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

13

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

ISAIAS FLORES-MENDEZ, et al.,
Defendants.

SUPERSEDING INDICTMENT

S1 13 Cr. 031 (KBF)

(18 U.S.C. §§ 371, 1512(c), 1591(a),
1591(b)(1), 2423(d), and 2.)

PREET BHARARA
United States Attorney.

A TRUE BILL

Foreperson.

5/23/13 Filed Superseding Indictment

Judge Netburn