UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/26/2020
```

-------------------------------------------------------X
                                        :

ISAIAS FLORES-MENDEZ,                 :

                    Petitioner,     :

                                :        13 Crim. 31 (LGS)

                -against-       :        19 Civ. 9889 (LGS)

                                :

UNITED STATES OF AMERICA,     :          ORDER

                    Respondent.   :

-------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on May 14, 2014, the Hon. Katherine B. Forrest sentenced Petitioner Isaias Flores-Mendez to life imprisonment.  13 Crim. 31, ECF No. 351.  Approximately three years later, he filed a habeas motion to vacate, set aside or otherwise correct his sentence pursuant to 28 U.S.C. § 2255, which Judge Forrest denied on January 10, 2018.  *Id.*, ECF No. 425, 433;

WHEREAS, on October 22, 2019, Petitioner filed a habeas motion to vacate, set aside or otherwise correct his sentence pursuant to 28 U.S.C. § 2255.  13 Crim. 31, ECF No. 446; 19 Civ. 9889, ECF No. 1.  The Government filed a response stating that, as a second or successive Section 2255 motion, this Court lacks jurisdiction to consider its merits and the motion should be transferred to the Court of Appeals.  13 Crim. 31, ECF No. 449; 19 Civ. 9889, ECF No. 5.  A transfer order was then issued, *see* 13 Crim. 31, ECF No. 452; 19 Civ. 9889, ECF No. 7, and on April 13, 2020, the motion for leave to file a second or successive habeas petition was denied.  13 Crim. 31., ECF No. 456; 19 Civ. 9889, ECF No. 10;

WHEREAS, before filing the successive habeas motion, Petitioner filed a motion to correct his sentence and a motion to be heard on evidence newly discovered.  13 Crim. 31, ECF No. 434, 435, 438, 440.  The Government filed a response stating that the motions should be dismissed as a procedurally improper second or successive Section 2255 motion.  *Id.*, at 439, 451;

WHEREAS, on November 19, 2019, and on March 20, 2020, Petitioner filed motions for

relief from his judgment.  13 Crim. 31., ECF No. 453, 455; 19 Civ. 9889, ECF No. 8, 9;

WHEREAS, on April 29, 2020, Petitioner filed a request to file a second or successive habeas motion along with a co-Defendant.  13 Crim. 31, ECF No. 457;

WHEREAS, motions filed pro se are given "special solicitude" and are construed to raise the strongest possible argument.  *See Komatsu v. City of New York*, 18 Civ. 3698, 2019 WL 4805904, at *3 (S.D.N.Y. Sept. 30, 2019) (quoting *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018)).  Nonetheless, pro se applications must still comply with the statutory requirements.  *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation omitted) ("*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law"); *accord Roy v. Law Offices of B. Alan Seidler, P.C.*, 284 F. Supp. 3d 454, 457 (S.D.N.Y. 2018) (same);

WHEREAS, "[a] subsequent petition is 'second or successive' when it raises a claim that was, or could have been, raised in an earlier petition."  *Cosey v. Lilley*, 368 F. Supp. 3d 671, 674 (S.D.N.Y. 2019) (quoting *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002)).  Before a second or successive § 2255 motion is filed in the district court, authorization from the appropriate court of appeals is required.  28 U.S.C. § 2244(b)(3)(A);

WHEREAS, the motions that Petitioner has filed all address the same topics: (1) that his counsel was constitutionally ineffective due to advice relating to whether to take a plea agreement; (2) that the trial court abused its discretion based on the sentencing decision; and (3) that the prosecution violated his constitutional rights.  Petitioner could have raised these claims in an earlier petition.  In fact, his Petition that the Second Circuit already reviewed raised a similar claim relating to his sentencing.  *See* 13 Crim. 31, ECF No. 446.  It is hereby

**ORDERED** that, in the interest of justice, the Court construes the motion at 13 Crim. 31,

ECF No. 440 as a second or successive habeas motion and transfers this motion to the United States Court of Appeals for the Second Circuit.  *See* 28 U.S.C. § 1631; *see also Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996).  If the Court of Appeals authorizes Petitioner to proceed in this matter, he shall move to reopen this case under this civil docket number.  It is further

**ORDERED** that the Petitioner's other submissions are also construed as second or successive Section 2255 petitions, and all are denied as both procedurally improper and redundant with the motion being transferred.

As none of Petitioner's motions make a substantial showing of a denial of constitutional rights, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to close docket numbers 434, 435, 440, 446, 453, 455 and 457 in 13 Crim. 31, and also to close docket numbers 8 and 9 in 19 Civ. 9889.  The Clerk of Court is respectfully directed to close 19 Civ. 9889.

Dated: May 26, 2020
     New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**